ELIZABETH AUSTERMUEHLE (*PRO HAC VICE* FORTHCOMING)
liz@jayaramlaw.com
JAYARAM PLLC
54 West 21st Street, Suite 801
New York, NY 10010

RUKAYATU TIJANI (SBN NO. 320756)
rtijani@firmfortheculture.com
FIRM FOR THE CULTURE
400 Capitol Mall, Suite 900
Sacramento, CA 95814-4412

*Attorneys for Plaintiff Lori A. Stern, LLC.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI A. STERN, LLC a California Limited Liability Company<br><br>Plaintiff,<br><br>v.<br><br>SALT & STRAW, LLC, a Delaware Limited Liability Company<br><br>Defendant. | Civil Action No. 2:23-cv-7882<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** |

COMPLAINT                                                                 Case No.: _____

Plaintiff Lori A. Stern, LLC ("Eat Your Flowers" or "Plaintiff"), by and through its attorneys, brings the following complaint against Defendant Salt & Straw, LLC ("Salt & Straw" or "Defendant"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. Eat Your Flowers is one of the first and finest purveyors of ice cream, cookies, cakes, and other desserts incorporating edible flowers. Under the careful stewardship of founder Loria Stern ("Ms. Stern"), Eat Your Flowers has blossomed into a beloved fixture of the dessert scene, offering vibrant, aesthetically pleasing desserts under the trademark EAT YOUR FLOWERS.

2. Upon information and belief, Defendant Salt & Straw took notice of the high quality and unique nature of Eat Your Flowers' desserts and contacted Ms. Stern to collaborate in connection with a series of flower-themed ice cream flavors. No partnership was ever finalized.

3. Despite that, in April 2023, Salt & Straw launched a series of flower-themed ice cream flavors under the identical mark EAT YOUR FLOWERS, without the authorization of Eat Your Flowers.

4. Salt & Straw's blatant use of the identical Eat Your Flowers Mark in the sale of its ice cream—which upon information and belief it did willfully and with full knowledge of Eat Your Flowers and its rights in the EAT YOUR FLOWERS mark—constitutes trademark infringement and unfair competition, and Eat Your Flowers brings this action to recover its damages and put a permanent stop to the theft of its intellectual property.

**THE PARTIES**

5. Plaintiff Lori A. Stern, LLC is a California Limited Liability Company having a principal place of business at 1107 Fair Oaks Avenue #317, South Pasadena, California 91030.

6. Upon information and belief, Defendant Salt & Straw is a Delaware Limited Liability Company having a place of business at 110 SE 2nd Avenue, Portland, Oregon 97214.

**JURISDICTION AND VENUE**

7. This is an action for: (a) trademark infringement arising under 15 U.S.C. § 1114, (b) false designation of origin and unfair competition arising under 15 U.S.C. § 1125(a), (c) unfair

1  competition arising under California Business and Professions Code § 17200 *et seq* 15 U.S.C. §

2  1125, and (d) unfair competition arising under the common law of the State of California.

3        8.    This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C.

4  §§ 1331, and 1338(a) and (b), and 1367(a).

5        9.    This Court has personal jurisdiction over Defendant because, as set forth below,

6  Defendant is willfully infringing upon the rights of Plaintiff, which is located in this Judicial District,

7  and thus the effects of the infringing behavior and the resulting harm are primarily in this Judicial

8  District.

9        10.    Defendant is subject to the general and specific jurisdiction of this Court by virtue of

10  its continuous, systematic, and substantial presence within this Judicial District, including without

11  limitation by operating several stores in this Judicial District, and by committing acts of trademark

12  infringement and unfair competition in this Judicial District, which acts form a substantial part of the

13  events or omissions giving rise to the Plaintiff's claims.

14        11.    Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c).

15  **ALLEGATIONS FOR ALL CLAIMS OF RELIEF**

16        12.    Eat Your Flowers is a pioneer in the edible flower food business and a worldwide

17  trendsetter in the culinary industry.

18        13.    The idea for Eat Your Flowers was planted at least as early as 2016, when Ms. Stern

19  began experimenting with edible flowers growing on the grounds of a Montecito, California estate on

20  which she was renting a cottage. Eat Your Flowers was incorporated in California in 2018.

21        14.    Since 2016, Ms. Stern has created a thriving bakery and catering brand while

22  upholding the values of local community, sustainability, and inclusivity. This is apparent in Ms.

23  Stern's methods – she personally selects any flowers used in her baked goods and frozen confections,

24  works alongside local farmers to source organic produce, and has implemented creative waste

25  reduction and water conservation processes.

26        15.    Since at least as early as 2018, Eat Your Flowers has continuously offered and sold,

27  without limitation, baked goods, ice cream, cookies, cakes, pastries, candies, and frozen confections,

28

in interstate commerce in connection with and under the trademark EAT YOUR FLOWERS (the "Eat Your Flowers Mark").

16. Eat Your Flowers offers its products and services, without limitation, via its website, www.eatyourflowers.com. A recent screenshot from the website is below:



17. Eat Your Flowers has bloomed into a worldwide name, having been featured in numerous high-profile publications including but not limited to *Vogue, The New York Times, The Los Angeles Times*, *People Magazine*, *Elle France*, *Edible LA*, *Harper's Bazaar*, *Cosmopolitan*, *Oprah*, *Goop*, *Saveur*, and *KitchenAid*.

18. In March 2023, Eat Your Flowers was featured on the globally renowned business reality show, *Shark Tank*, where Ms. Stern pitched her Eat Your Flowers business to prominent venture capitalists including Mark Cuban, Kevin O'Leary, Lori Greiner, Barbara Corcoran, and Robert Herjavec. Ms. Stern received two funding offers from the über-successful investors, and accepted Ms. Corcoran's investment.

19. In April 2023, Ms. Stern published her first cookbook titled "*Eat Your Flowers: A Cookbook*" which has garnered excellent reviews. *Publishers Weekly* described the recipes to be "as whimsical as they are unusual" and stated that "Stern's creativity is spotlighted throughout…nature-savvy chefs should give this a look." See **Exhibit A**.

20. Additionally, *Saveur* highlighted the ingenuity behind Eat Your Flowers, stating that while eating flowers itself is not new, "Ms. Stern's approach to working with them is entirely her own." The involved novelty includes techniques like pressing, air drying and infusing flowers in the various products sold under the Eat Your Flowers Mark to "optimize the flavor and fragrance of the blooms."

21. In fact, a simple Google search for "eat your flowers" almost strictly provides results related to Eat Your Flowers, emphasizing the strength of the brand. See **Exhibit B**.

22. Eat Your Flowers has spent considerable time, effort and money developing its reputation as a leader in providing its edible flower dessert products and services under the Eat Your Flowers Mark and continues to grow.

23. As a result of Eat Your Flowers' investment in the Eat Your Flowers Mark, and the commercial success of its cookies, cakes, and dessert products and services marketed under the Eat Your Flowers Mark, Eat Your Flowers has developed a substantial amount of goodwill in the Eat Your Flowers Mark.

24. In addition to its extensive common law rights, Eat Your Flowers owns a United States federal trademark registration for EAT YOUR FLOWERS, Registration No. 7056398 (the "Registration"), in respect of "cookies, bakery goods and dessert items, namely, cakes, cookies, pastries, candies and frozen confections for retail and wholesale distribution and consumption on or

off the premises; gluten-free desserts, namely, baked goods; and vegan cookies" in International Class 30; and "online retail store services featuring baked goods, namely, pies, cookies and cakes" in International Class 35. The Registration was issued on May 16, 2023. *See* **Exhibit C**.

25. The Registration is valid and subsisting, and entitles Eat Your Flowers to a legal presumption that the Eat Your Flowers Mark as shown in the Registration is valid, as well as of Eat Your Flowers' ownership of the mark and exclusive right to use the registered mark in commerce in connection with the goods or services specified in the certificate. 15 U.S.C. § 1057(b).

26. Upon information and belief, Defendant Salt & Straw is an ice cream company based in Portland, Oregon.

27. Upon information and belief, Salt & Straw offers flavors on a rotating basis, with each month bringing a new theme. For example, Salt & Straw has recently had a "Chocolatiers Series" featuring a number of chocolate flavors, and an "Upcycled Foods Series" featuring an upcycled foods menu certified by the Upcycled Foods Association.

28. Upon information and belief, for the past several years, Salt & Straw has introduced a set of flavors based around the theme of flowers in the month of May.

29. In February 2021, Salt & Straw contacted Ms. Stern via Instagram direct message and by email to discuss a potential collaboration in connection with Salt & Straw's flower-themed ice cream series. The direct message can be seen below, and the emails are attached as **Exhibit D**:



30. In an email dated February 25, 2021, Salt & Straw's social media manager stated that Salt & Straw's co-founder is "super passionate about incorporating edible flowers not only in ice cream, but other dishes and desserts as well," suggesting joint social media posts and "an online limited offer special with our pints & your buns!"

31. Ms. Stern responded with her standard rates for social media posts and directed Salt & Straw to her business manager.

32. On March 9, 2021, another Salt & Straw employee followed up with Ms. Stern's business manager, stating: "We were inspired by Loria's cookies and thought there was a match of some sort. We are all about partnerships and featuring other makers' work." The email suggested that Salt & Straw could "purchase some of the flower cookies to be shipped with our 5-pack of flowers ice cream for an at-home 'ultimate ice cream sandwich kit.'"

33.     Ms. Stern's business manager quoted a price for the cookies, but Salt & Straw was insistent that any purchase should include a free social media appearance by Ms. Stern.

34.     Ultimately, Ms. Stern was not interested in pursuing the collaboration, and discussions about the collaboration were ended. Salt & Straw launched their flower-themed series without Eat Your Flowers.

35.     In May 2022, Salt & Straw again had a flower-themed series, under the mark "Flower Power Series."

36.     Then, on April 27, 2023, Salt & Straw posted a video on its Instagram page announcing the "Eat Your Flowers Series" for its series of flower-themed ice cream flavors.

37.     The "Eat Your Flowers Series" uses the Eat Your Flowers Mark identically and in its entirety.

38.     Salt & Straw did not seek or receive the approval of Eat Your Flowers to use the Eat Your Flowers Mark in connection with the sale of its ice cream.

39.     In the month of May 2023, Salt & Straw used the Eat Your Flowers Mark in its email newsletters, on in-store signage, on its website (both on the home page of https://saltandstraw.com/ and on a page dedicated to selling the "Eat Your Flowers Series"), and in multiple posts on its social media accounts.

40.     Examples of Salt & Straw's uses are below:













41. In one repeatedly used graphic, Salt & Straw marketed its "Eat Your Flowers" series utilizing a cursive font style and pink background strikingly similar to Eat Your Flowers' branding. Screenshots of both are below:





42. Following the launch of the infringing ice cream series, numerous people contacted Ms. Stern asking if Eat Your Flowers was involved due to the use of the Eat Your Flowers Mark.

43. Counsel for Eat Your Flowers sent a letter to Salt & Straw's counsel on May 11, 2023, notifying Salt & Straw of Eat Your Flowers' rights in the Eat Your Flowers Mark.

44. Counsel for Salt & Straw replied on May 19, 2023, acknowledging the Registration but failing to provide any substantive response.

45. Counsel for Salt & Straw did not provide a substantive response until May 26, 2023—the day after Salt & Straw announced its rotation to the next month's flavors. Counsel for Salt & Straw refused to confirm that Salt & Straw would not infringe on the Eat Your Flowers Mark in the future.

46. Even after receiving the letter from Eat Your Flowers, Salt & Straw continued its infringing use of the Eat Your Flowers Mark on its website, in stores, on social media, and in email advertising.

47. Salt & Straw is not a licensee of Eat Your Flowers' intellectual property rights.

48. Upon information and belief, Salt & Straw is and was well aware of the Eat Your Flowers Mark prior to the time it began its infringing use of the identical Eat Your Flowers Mark.

49. Salt & Straw has caused a strong likelihood of consumer confusion, mistake, and deception as to the source of or origin or relationship of Eat Your Flowers' and Salt & Straw's goods and services, has caused actual confusion, and has otherwise competed unfairly with Eat Your Flowers by unlawfully trading on and using Plaintiff's Eat Your Flowers Mark without Plaintiff's permission or consent.

50. Upon information and belief, Salt & Straw's acts complained of herein are willful and deliberate.

51. Salt & Straw's acts complained of herein have caused damage to Eat Your Flowers in an amount to be determined at trial, and such damages will continue to increase unless Salt & Straw is enjoined from repeating its wrongful actions and infringements.

52. By using Plaintiff's Eat Your Flowers Mark without the permission of Plaintiff, Salt & Straw has damaged Eat Your Flowers' prospects of entering into a partnership with other potential collaborators and brands that may desire to work with Eat Your Flowers and properly license its Eat Your Flowers Mark, as potential partners may falsely believe that Eat Your Flowers has already participated in such a collaboration with Salt & Straw and therefore may not want to pursue partnership with Eat Your Flowers.

53. Salt & Straw's acts complained of herein have caused Eat Your Flowers to suffer irreparable injury to its business. Eat Your Flowers will continue to suffer substantial injury unless and until Salt & Straw is permanently enjoined from its wrongful actions complained of herein.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement Under 15 U.S.C. § 1114)

54. Eat Your Flowers hereby repeats and realleges each of the foregoing paragraphs, as if fully set forth herein.

55. This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

56. Salt & Straw has used in commerce, without permission of Eat Your Flowers, a mark that is confusingly similar and/or identical to Plaintiff's federally registered trademark EAT YOUR FLOWERS.

57. Salt & Straw's use of Plaintiff's Eat Your Flowers Mark with Salt and Straw's ice cream goods and retail store services for ice cream without Eat Your Flowers' consent constitutes trademark infringement.

58. Salt & Straw has infringed Eat Your Flowers' registered Eat Your Flowers Mark by prominently placing the Eat Your Flowers Mark on its website and social media accounts, by using the Eat Your Flowers Mark in promotional material, including but not limited to, email marketing; and otherwise repeatedly using the Eat Your Flowers Mark in a manner to likely to confuse consumers as to whether Salt & Straw's goods and services are authorized, licensed, controlled, sponsored by, or affiliated with Eat Your Flowers.

1   59. Salt & Straw's infringing use of the identical Eat Your Flowers Mark was on and in connection with goods and services identical and/or highly related to the goods and services provided by Plaintiff under the Eat Your Flowers Mark.

60. Upon information and belief, Salt & Straw had actual knowledge of Eat Your Flowers' ownership of the Registration and prior use of the Eat Your Flowers Mark and, without the consent of Eat Your Flowers, has willfully violated 15 U.S.C. § 1114.

61. Salt & Straw's aforementioned acts have injured Eat Your Flowers and damaged Eat Your Flowers in an amount to be determined at trial.

62. Eat Your Flowers is entitled to Salt & Straw's sales made under the infringing use of the Eat Your Flowers Mark.

63. By its actions, Salt & Straw is irreparably injuring Eat Your Flowers. Such irreparable injury may continue unless Salt & Straw is permanently enjoined by this Court from further violation of Eat Your Flowers' rights, for which Eat Your Flowers has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

**(False Designation of Origin and Unfair Competition Under 15 U.S.C. § 1125(a))**

64. Eat Your Flowers hereby repeats and realleges each of the foregoing paragraphs, as if fully set forth herein.

65. This is a claim for false designation of origin and unfair competition arising under 15 U.S.C. § 1125(a).

66. Salt & Straw's use of Plaintiff's Eat Your Flowers Mark with Salt & Straw's ice cream goods and retail store services for ice cream without Eat Your Flowers' consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection or association of Salt & Straw with Eat Your Flowers, or as to the origin, sponsorship, or approval of Salt & Straw's goods in violation of 15 U.S.C. § 1125(a).

67. Such conduct by Salt & Straw is likely to confuse, mislead, and deceive Salt & Straw's customers, purchasers, and members of the public as to the origin of Salt & Straw's products and

services or cause said persons to mistakenly believe that Salt & Straw and/or its products and services have been sponsored, approved, authorized, or licensed by Eat Your Flowers or are in some way affiliated or connected with Eat Your Flowers, all in violation of 15 U.S.C. § 1125(a).

68. Upon information and belief, Salt & Straw did so with the intent to unfairly compete against Eat Your Flowers, to trade upon Eat Your Flowers' reputation and goodwill by causing confusion and mistake among customers and the public, and/or to deceive the public into believing that Salt & Straw's products are associated with, sponsored by, or approved by Eat Your Flowers, when they are not.

69. Upon information and belief, Salt & Straw had knowledge of Plaintiff's ownership and prior use of the Eat Your Flowers Mark and has willfully violated 15 U.S.C. § 1125(a).

70. Salt & Straw's aforementioned acts have irreparably injured Eat Your Flowers and damaged Eat Your Flowers in an amount to be determined at trial.

71. By its actions, Salt & Straw is irreparably injuring Eat Your Flowers and damaged Eat Your Flowers in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF

**(California Statutory Unfair Competition Under Cal. Bus. & Prof. Code § 17200)**

72. Eat Your Flowers hereby repeats and realleges each of the foregoing paragraphs, as if fully set forth herein.

73. This is a claim for unfair competition arising under Cal. Bus. & Prof. Code § 172, *et seq*.

74. By virtue of the acts complained of herein, Salt & Straw has intentionally caused a likelihood of confusion among the consumers and public and have unfairly competed in violation of Cal. Bus. & Prof. Code § 17200, *et seq*.

75. Salt & Straw's acts complained of herein constitute unlawful, unfair, malicious, or fraudulent business practices, which have injured and damaged Eat Your Flowers.

76. As a direct and proximate result of Salt & Straw's acts complained of herein, Eat Your Flowers has and will continue to suffer great harm and damage. Eat Your Flowers will continue to

be irreparably damaged unless Salt & Straw is enjoined from further committing unfair and unlawful business practices against Eat Your Flowers.

### FOURTH CLAIM FOR RELIEF

### (California Common Law Unfair Competition)

77. Eat Your Flowers hereby repeats and realleges each of the foregoing paragraphs, as if fully set forth herein.

78. This is a claim for common law unfair competition arising under the common law of the state of California.

79. By virtue of the acts complained of herein, Salt & Straw has intentionally caused a likelihood of confusion among the purchasing public in this Judicial District and elsewhere, thereby unfairly competing with Eat Your Flowers in violation of the common law of the State of California.

80. By its actions, Salt & Straw has injured and violated the rights of Eat Your Flowers in an amount to be determined at trial.

81. By its actions, Salt & Straw is irreparably injuring Eat Your Flowers. Such irreparable injury will continue unless Salt & Straw is preliminarily and permanently enjoined by this Court from further violation of Eat Your Flowers' rights, for which Eat Your Flowers has no adequate remedy at law.

82. Salt & Straw's willful acts of unfair competition under California common law constitute fraud, oppression, and malice. Accordingly, Eat Your Flowers is entitled to exemplary damages.

### PRAYER FOR RELIEF

WHEREFORE, Eat Your Flowers respectfully requests that the Court enter judgment against Salt & Straw as follows:

A. Find that Salt & Straw committed acts of infringement of the Eat Your Flowers Mark, both as a common law trademark and a federally registered trademark;

B. Find that Salt & Straw engaged in unfair competition detrimental to Eat Your Flowers in violation of 15 U.S.C. §1125(a);

C. Enter judgment against Salt & Straw and in favor of Eat Your Flowers on all counts;

D. Find the acts of Salt & Straw were willful and knowing and for profit;

E. Award to Eat Your Flowers disgorgement of Salt & Straw's profits, actual damages sustained by Eat Your Flowers, and the costs of this action, as provided by 15 U.S.C. § 1117(a);

F. Find that this is an exceptional case, and award to Eat Your Flowers treble, punitive, or otherwise enhanced damages and attorneys' fees, as available, for acts of willful infringement;

G. Permanently enjoin Salt & Straw and its employees, agents and servants, and any person in active concert with them from using the Eat Your Flowers Mark, and any other trademark, service mark, trade name or domain name which is confusingly similar to the Eat Your Flowers Mark;

H. Enter any other relief that this Court deems necessary to maintain the status quo;

I. Award to Eat Your Flowers its costs and attorneys' fees to the extent not awarded above; and

J. Grant Eat Your Flowers such other and further relief as justice may require.

DATED: September 20, 2023        By:    /s/ Rukayatu Tijani

RUKAYATU TIJANI (SBN NO. 320756)
rtijani@firmfortheculture.com
FIRM FOR THE CULTURE
400 Capitol Mall, Suite 900
Sacramento, CA 95814-4412

ELIZABETH AUSTERMUEHLE (*PRO HAC VICE* FORTHCOMING)
liz@jayaramlaw.com
JAYARAM PLLC
54 West 21st Street, Suite 801
New York, NY 10010